Mr. Justice Swathe
delivered the following opinion:
I concur with my brother Grier as to the incapacity of the State of Texas, in her present condition, to maintain an original suit in this court. The question, in my judgment, is one in relation to which this court is bound by the action of the legislative department of the government.
Upon the merits of the case, I agree with the majority of my brethren.
I am authorized to say, that my brother Miller unites with me in these views.
IN THE SUPREME COURT OF THE UNITED STATES.
The State of Texas •v.
George W. White, John Chiles, John A. Hardehberg, Weston F. Birch, Bybon Murray, jr., George W. Stewart, and Charles P. Shaw.
In equity, No. 6.—Original.
This cause being set for hearing, in conformity to the order therein passed on the 17th day of February, A. D. *618 1868, the counsel of the parties were heard, to wit, the State of Texas by George W. Paschal and Richard T. Merrick, her duly authorized attorneys and solicitors in that behalf; and the defendant, George W. White, by his solicitor P. Phillips; the defendant, John Chiles, by his solicitor Albert Pike; the defendant, John A. Hardenberg, by his solicitor James M. Carlisle; the defendants, Weston F. Birch and Byron Murray, jr., partners, by the name of Birch, Murray & Co., by their solicitor James W. Moore; and the bill having been heretofore taken pro confesso against the said Charles P. Shaw and George W. Stewart, by order of this court, for want of appearance, and the pleadings and proofs iaving been read and considered, it is therefore adjudged, ordered, and decreed, as follows:
That the objection interposed by way of plea, in the •answer of defendants, to the authority of the solicitors of the complainant to institute this suit, and to the right of complainant, as one of the States of the Rational Union, to bring a bill of complaint in this court, be, and the same is hereby, overruled.
That the contract, bearing da3e the 12th January, 1865, purporting to have been executed between the military board of the State of Texas and George W. White and ■ John Chiles, and signed by said White & Chiles and by P. Murrah, I. S. Holman, and R. B. Pearce, members of the said military bdard, and which said contract is set forth as exhibit “A”'to the complainant’s bill of complaint, is null, void, and of no effect, and that the said White & Chiles, their agents and attorneys, and all others claiming to act in their behalf, be perpetually enjoined .from asserting any right or claim under the same; and that the complainant is entitled to recover and receive the bonds and coupons mentioned in said contract, as having been transferred or sold' to the said White & Chiles, which at the several times of service of process in this suit were in .the possession or under the control of the defendants respect *619 ively, and any proceeds thereof which have come into such possession or control with notice of the equity, of the complainant.
That George W. White, John Chiles, John A. Hardenherg, Weston F. Birch, Byron Murray, jr., George W. Stewart, and Charles P. Shaw, and each of them, he hereby perpetually enjoined from setting up any claim or title to any of the bonds and coupons attached, which are described in the first article of said contract, filed as exhibit “A” to the bill of complaint, and that the above complainant is entitled to restitution of such of the bonds and coupons and proceeds as have come into the possession or control of the said defendants respectively and as aforesaid.
And the court, proceeding to determine upon the pleadings and proofs in this cause for which and how many of said bonds the said defendants respectively are accountable to the complainant to make restitution thereof, or make good the proceeds thereof, doth order, adjudge, and decree, that the defendants, Weston F. Birch and Byron Murray, jr., are so accountable to the complainant for and in respect of eight of said United States Texan indemnity bonds, numbered from 4916 to 4923 inclusive, with coupons attached, and the defendant, George W. Stewart, is so accountable to the complainant for and in respect of four others of said United States Texan indemnity bonds, numbered 4230, 4231, 4235, and 4236, with coupons attached; and accordingly it is ordered and adjudged and decreed, that the said defendants Birch and Murray do forthwith surrender and deliver to the complainant the said bonds, numbered from 4916 to 4923 inclusive, with coupons attached, and for that purpose shall make all necessary. and proper transfers and assignments, and execute all necessary instruments and powers; and that payment of said bonds, or any of them, by the Secretary of the Treasury to the said complainant shall be an acquittance of said Birch and Murray to that extent under this decree, and for such *620 payment this decree shall he sufficient warrant to the said Secretary.
And it is further ordered, adjudged, and decreed, that the said defendant George W. Stewart do forthwith surrender and deliver to the complainant the said bonds numbered 4230, 4231, 4235, 4236, with coupons attached, and for that purpose shall make all necessary and proper transfers and assignments, and execute all necessary instruments and powers, and that payment of said bonds or any of them by the Secretary of the Treasury to said complainant shall be an acquittance of said defendant Stewart to that extent under this decree, and for such payment this decree shall be sufficient warrant to the said Secretary.
And it appearing upon the pleadings and proofs in this cause that, before the filing of the bill in this cause, the said defendants Weston F. Birch and Byron Murray, Jr. had received and collected from the United States the full amount of four others of said United States' Texan indemnity bonds, numbered 4897, 4898, 4914, and 4915, and that the defendant John A. Hardenberg, before the commencement of this suit, deposited thirty-four of said United States Texan indemnity bonds, numbered 4777, and from 4237 to 4248 inclusive, and from 4930 to 4947 inclusive, and from 4232 to 4234 inclusive, in the Department of the Treasury of the United States, for redemption thereof according to their tenor, of which bonds the said Harden-berg claims to have received payment from the Secretary of the Treasury before the service of process upon him in this suit, in respect to which payments and the effect thereof the counsel for the said Birch and Murray and for the said Hardenberg respectively desiring to be heard, it is ordered, that time for said hearing be given to said parties on the first Friday of October next, or some convenient day thereafter.
And it is further ordered, adjudged, and decreed, that the complainant and the defendants respectively be at *621 liberty to apply to the court at the foot of this decree for further directions in respect to the execution of the same, if they shall be so advised.
And it is further ordered, that the complainant shall recover from the defendants its costs, to be taxed by the clerk of this court.
12 April, 1869.
I, D. W. Middleton, Clerk of the Supreme Court of the United States, do hereby certify, that the annexed and foregoing (6) six manuscript pages contain a true copy of the decree of the said Supreme Court, entered on the 12th day of April, A. D. 1869, in the ease of the State of Texas, Complainant, v. George W. White, John Chiles et al., Uo. 6, original, of December term, 1868, as fully as the same remains upon the official records of the said court.
In testimony whereof, I hereunto subscribe my name and affix the seal of the said Supreme Court of [l. s.] the United States, at the city of Washington, this 19th day of April, A. D. 1869.
[Stamp.]
D. W. Middleton,

Clerk Supreme Court United States.